## J. G. ARNOLD *v.* PETER SMITH.

**Judicial Sale of Real Estate.**

A judgment for the sale of real estate will be reversed where it fails to direct the manner of its advertisement.

**City Assessments—Judgment.**

Where the cost of a public improvement is assessed by the city council against a lot, it is error to render a personal judgment against the lot owner.

### APPEAL FROM KENTON CHANCERY COURT.

September 15, 1875.

OPINION BY JUDGE LINDSAY:

It was error to fail to direct in the judgment the manner in which the sale should be advertised.

The cost of the work was assessed by the city council against the lot owned by Arnold. It was, therefore, error to render a personal judgment against him.

The petition avers that the ordinance directing the improvement to be made "was duly published in a newspaper circulated in the city of Covington, and being the same paper in which the ordinances passed by said council were then published. We cannot say that this mode of printing and circulating the said ordinance is not covered by the provisions of Sec. 6 of the act of March 2, 1850.

Arnold had no title to, or interest in the material in the pavement. His counterclaim, therefore, was properly dismissed.

For the two errors indicated the judgment is *reversed,* and the cause remanded for further proceedings consistent with this opinion.

*Carlisle & Fotte, for appellant. Stevenson & O'Hara, for appellee.*